JUDITH A. HARBOUR *v* JOHN S. SCOTT.

Where the Sheriff is incapable of acting by reason of interest and there is no Coroner of the parish the Judge may appoint a special officer to attend the jury during the trial.

APPEAL from the Ninth Judicial District Court for the parish of Pointe Coupée, *Cooley*, J. *U. B. & E. Phillips*, for plaintiffs. *W. H. Cooley*, for defendants. Both parties appellants.

BUCHANAN, J. We see no reason for changing our opinion upon the question involved in the *mandamus* issued to the Judge of the Ninth Judicial District in February last. 11 Annual Rep. 79.

Neither do we find any error, under the peculiar circumstances of the case, in the order of court appointing *Marcel Samson* special officer to attend the jury during the trial; nor in the course followed in empannelling the jury. Defendant admits in argument that there was no Coroner at that time in the parish.

The only real contest between these parties relates to the right of the defendant to have the value of two slaves, named *Rachel* and *Dick*, deducted from the note sued upon, on the ground that those slaves were affected with redhibitory diseases at the time of the sale, which was the condition of the note and that they afterwards died of said disease. The pleadings of the defendant, in relation to this part of his case, are very defective. He does not declare what were the diseases of said slaves. Neither does the testimony make out to our satisfaction the existence of any redhibitory disease in those slaves, or either of them, at the time of the sale. We conclude that the jury erred in making a reduction of the price on account of the death of the slave *Dick*.

The plaintiff, *Mrs. Morgan*, has asked, in her answer to defendant's appeal, for an amendment of the judgment; to which we consider her entitled.

It is, therefore, adjudged and decreed that the judgments appealed from be reversed; and that the plaintiff, *Judith Ann Harbour*, wife of *James A. Morgan*, recover of defendant, *John S. Scott*, seven thousand two hundred and sixty dollars, with interest at eight per cent. per annum, from January 31st, 1855, until paid, and costs in both courts; and with mortgage and privilege of vendor on the property sold to said defendant, which is set forth and described in plaintiff's petition and the act of sale thereto annexed; and that said property be seized and sold for the payment of this judgment.

MERRICK, C. J. It is ordered, by the consent of the defendant, in writing, and on the motion of plaintiff's counsel, that the decree in this case be amended by correcting a clerical error in this, that the interest on $7260, allowed by the decree, be changed so as to read: to allow said plaintiff eight per cent. interest from January 31st, 1853, until paid, instead of January 31st, 1855, until paid; and that the judgment so amended be certified to the lower court for execution, notwithstanding the mandate already issued.